UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Carey Gonzales<br>7156 166th<br>Tinley Park, IL 60477<br><br>  Plaintiff,<br><br>v.<br><br>United Collection Bureau, Inc.<br>5620 Southwyck Blvd., Suite 206<br>Toledo, OH 43614<br><br>  Defendant. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a). Venue is proper in this district because Defendant resides in this district under 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. In or around June 2008, Defendant telephoned Plaintiff's mother on several occasions in an effort to collect the debt.

1

8. During at least one of these communications, Defendant disclosed to Plaintiff's mother that Plaintiff owed the debt.

9. On or around June 17, 2008, Defendant telephoned Plaintiff.

10. During this communication, Defendant threatened to send paperwork to Plaintiff's employer to begin garnishing Plaintiff's wages.

11. On or around June 17, Defendant telephoned Plaintiff's mother ("Mother").

12. During this communication, Mother notified Defendant that Plaintiff did not live with Mother and could not be reached at that telephone number.

13. Despite this notice, Defendant telephoned Mother on at least one other occasion.

14. On or around June 18, 2008, Defendant telephoned Plaintiff.

15. During this communication, Defendant again threatened to send paperwork to Plaintiff's employer to begin garnishing Plaintiff's wages.

16. During this communication, Defendant threatened to begin legal action against Plaintiff.

17. On or around August 18, 2008, Defendant telephoned Plaintiff.

18. During this communication, Defendant represented that there was on "ongoing investigation" of Plaintiff.

19. During this communication, Defendant represented that there was an "extensive amount of paperwork prepared" to be sent to Plaintiff's employer.

20. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

21. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party disclosed that Plaintiff owed the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692d in that Defendant used obscene and/or abusive language during its communications in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692d in that Defendant repeatedly or continuously telephoned Plaintiff and/or another person with the intent to annoy, abuse, and/or harass that person.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## COUNT EIGHT

### Invasion of Privacy by Public Disclosure of a Private Fact

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. Defendant released information which was private to Plaintiff and concerned Plaintiff's private life to Plaintiff's mother.

38. Defendant's disclosure of Plaintiff's debt to this person is highly offensive.

39. The information disclosed is not of legitimate concern to the public.

## JURY DEMAND

40. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

41. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Public Disclosure of a Private Fact.

   c. For such other legal and/or equitable relief as the Court deems appropriate.

        RESPECTFULLY SUBMITTED,

        MACEY & ALEMAN

        By: */s/ Jeffrey S. Hyslip*
        Jeffrey S. Hyslip
        Sears Tower
        233 S. Wacker Drive
        Suite 5150
        Chicago, IL 60606
        Tel: 866.339.1156
        Fax: 312.822.1064
        jsh@legalhelpers.com
        *Attorney for Plaintiff*